**DENIED and Opinion Filed March 29, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-24-00355-CV**
**No. 05-24-00356-CV**
**No. 05-24-00357-CV**

**IN RE KEITH HILL, Relator**

**Original Proceedings from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F-2154278, F-2159441, F-2253217**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Nowell

Before the Court is relator's March 25, 2024 petition for writ of mandamus wherein he asks this Court to compel the trial court to order the Texas Department of Criminal Justice to post back-time jail credit.

Relator's status as an inmate does not relieve him of his duty to comply with the rules of appellate procedure. *In re Skinner*, No. 05-23-00930-CV, 2023 WL 6618295, at *1 (Tex. App.—Dallas Oct. 11, 2023, orig. proceeding) (mem. op.). Relator's petition does not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. *See In re Backusy*, No. 05-23-

00674-CV, 2023 WL 4540278, at \*1 (Tex. App.—Dallas July 14, 2023, orig. proceeding) (mem. op.).

For example, it is relator's burden to provide the Court with a sufficient record to show his entitlement to mandamus relief. *Skinner*, 2023 WL 6618295, at \*1; *see also* TEX. R. APP. P. 52.3(k)(1)(A) (requiring a relator to file "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"); TEX. R. APP. P. 52.7(a)(1) (requiring a relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Although relator filed two documents with this petition, neither is a sworn or certified copy as required by the rules.

Relator also failed to certify he has reviewed the petition and concluded that every factual statement is supported by competent evidence included in the appendix or record. TEX. R. APP. P. 52.3(j). Relator signed a verification wherein he stated that his petition for writ of mandamus "is true and correct to the best of [his] knowledge," but this verification does not satisfy the requirements of rule 52.3(j). *In re Skinner*, No. 05-23-01077-CV, 2023 WL 8230683, at \*1 (Tex. App.—Dallas Nov. 28, 2023, orig. proceeding) (mem. op.). Without a certified petition and authenticated record, relator has failed to carry his burden to provide a sufficient record. *Skinner*, 2023 WL 6618295, at \*1.

Further, relator's petition lacks a statement of facts supported by citations to competent evidence included in an appendix or record, and it does not include a

"clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." TEX. R. APP. P. 52.3(g), (h). The petition is also styled incorrectly, *see* TEX. R. APP. P. 52.1 (stating a petition must be captioned, "*In re* [name of relator]"), and it is missing the following: a list identifying the parties and counsel, a table of contents, an index of authorities, a statement of the case, a statement of jurisdiction, and a statement of the issues presented. TEX. R. APP. P. 52.3(a)–(c), (d)(1)–(3), (e)–(f).

Accordingly, we deny relator's petition for writ of mandamus.

/Erin A. Nowell/
ERIN A. NOWELL
240355F.P05                           JUSTICE

–3–